IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATIONAL INDEMNITY COMPANY OF
THE SOUTH,

        Plaintiff,        CASE No.

v.

MA ALTERNATIVE TRANSPORT
SERVICES, INC., a Florida Corporation;   /
and SHERRY HENRY,

        Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, NATIONAL INDEMNITY COMPANY OF THE SOUTH ("NATIONAL INDEMNITY"), by and through its undersigned counsel, hereby files this Complaint for Declaratory Judgment. As grounds therefore National Indemnity alleges as follows:

### Parties

1. Plaintiff National Indemnity is a corporation organized under the laws of Iowa, with its principal place of business in Omaha, Nebraska.

2. At all times material to this action, MA Alternative Transport Services, Inc. ("MA ALTERNATIVE"), a Defendant herein, was a Florida for-profit corporation, authorized to conduct and conducting business in Orlando, Florida, with its principal place of business at 8054 Excalibur Court, Orlando, Florida 32822.

3. At all times material to this action, Sherry Henry, a Defendant herein, was a resident of Orlando, Florida.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(1).

5. There is complete diversity of citizenship between Plaintiff and Defendants, because Plaintiff is a citizen of Iowa and Defendants are citizens of Florida.

6. The amount in controversy exceeds the sum of $75,000, exclusive of all interest and costs, because Plaintiff is seeking a declaration regarding whether Defendant MA Alternative is entitled to $1 million in liability insurance coverage in connection with the subject accident.

7. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. § 1391, because all of the Defendants are residents of this district and a substantial part of the events and omissions giving rise to this claim occurred in this district.

8. There is an actual controversy with respect to National Indemnity's coverage obligations, if any, pursuant to an insurance contract delivered in Orange County, Florida, for an injury that occurred in Orange County and for a lawsuit pending in Orange County.

**Facts Material to Dispute at Issue**

9. This case involves a bodily injury liability claim asserted by Sherry Henry against National Indemnity's policyholder, MA Alternative. Ms. Henry was allegedly injured in a motor vehicle accident on October 14, 2016 while she was a passenger in a van owned and operated by MA Alternative, a company in the business of transporting people to and from medical appointments.

10. On June 9, 2017 (approximately eight months after the alleged accident), National Indemnity received its first notice of the alleged accident. On that date, Attorney Jordan Redavid, on behalf of Ms. Henry, sent a time-demand letter to National Indemnity offering to settle Ms. Henry's bodily injury liability claim against MA Alternative in exchange for the payment of $650,000 within fourteen days. A true and complete copy of the demand letter of

June 9, 2017 is attached hereto as Exhibit "A."  In his letter, Attorney Redavid stated that at the time of the alleged accident Ms. Henry was being transported by MA Alternative from a medical appointment to her home.  Attorney Redavid stated that MA Alternative was negligent in causing a collision in which the front-end of MA Alternative's van collided with the rear-end of another vehicle.

       11.    On or about June 12, 2017, Richard Dunn, Claim Operations for National Indemnity, sent a letter to Attorney Redavid acknowledging receipt of Attorney Redavid's June 9, 2017 demand letter and further acknowledging that National Indemnity insured MA Alternative under a Business Auto policy number 74 APS 062192, with an effective policy period of January 5, 2016 to January 5, 2017.  A true and accurate copy of the June 12, 2017 letter is attached hereto as Exhibit "B."  In its letter, National Indemnity informed Attorney Redavid that National Indemnity lacks necessary information and documentation to fully evaluate his client's claim.  Specifically, National Indemnity explained that there was a reference in the medical records provided by Attorney Redavid indicating that Ms. Henry previously underwent an MRI of her spine in 2012 and thus National Indemnity would need to review Ms. Henry's medical records for the five years preceding the October 14, 2016 date of loss.  National Indemnity expressly requested that Attorney Redavid provide National Indemnity with those records or "the necessary medical authorizations" so that National Indemnity can obtain those records directly from the medical providers.  In addition, National Indemnity explained that its investigation had determined that Ms. Henry was involved in another "incident/accident" on October 28, 2013 in which she may have sustained a personal injury and thus National Indemnity requested that Attorney Redavid "provide us with information about that accident, as well as any other accidents, so we may evaluate the impact of the current claim on her medical condition."

12. Attorney Redavid never responded to National Indemnity's June 12, 2017 letter wherein National Indemnity requested additional information and documentation.

13. On or about June 16, 2017, National Indemnity sent a letter to MA Alternative stating that National Indemnity had hired an independent adjuster, Curley & Associates, Inc., who would be contacting MA Alternative as part of its investigation. A true and accurate copy of the June 16, 2017 letter is attached hereto as Exhibit "C." In its letter, National Indemnity stated, "If you receive or are served with any legal papers relating to this Claim, advise Richard Dunn immediately by calling the number below, and send the papers to us by fax to 402-916-3031 or by email to reports@nationalindemnity.com. If you do not have access to fax or email, send them by first-class mail."

14. As part of its investigation, Curley & Associates, Inc., spoke with Ariel Malagon (owner of MA Alternative) and Jorge Ramirez (the driver of the van in which Ms. Henry was transported on October 14, 2016). Mr. Ramirez informed the Curley adjuster that there was no accident. In addition, Mr. Malagon informed the Curley adjuster that he inspected the van several days after the alleged accident and noted no damage to the vehicle.

15. On or about November 18, 2017, a civil action was filed in the matter styled as *Sherry Henry v. MA Alternative Transport Services, Inc., and John Doe,* Case No. 2017-CA-010144-01, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (hereinafter described as the "Henry Lawsuit"). A true and complete copy of the complaint filed in the Henry Lawsuit is attached hereto as Exhibit "D." In her complaint, Ms. Henry alleged that on or about October 14, 2016, she was a backseat passenger in a motor vehicle driven by Mr. Doe near the intersection of West Colonial Drive and North Hughey Avenue in Orlando, Florida. (Complaint in Henry Lawsuit at ¶ 6.) Ms. Henry alleged that Mr. Doe, while operating the motor

vehicle, collided with the rear end of a vehicle in front of him. (*Id.* at ¶ 7.) Ms. Henry claimed she was seriously injured and asserted a claim for negligence against Mr. Doe. (*Id.* at ¶¶ 9-13.)

16. In addition, in the Henry Lawsuit, Ms. Henry alleged that MA Alternative, as Mr. Doe's employer, should be vicariously liable for Mr. Doe's negligence. (*Id.* at ¶¶ 14-20.) Ms. Henry also alleged MA Alternative, as owner of the vehicle operated by Mr. Doe, should be vicariously liable for Mr. Doe's negligence under the Dangerous Instrumentality Doctrine. (*Id.* at ¶¶ 21-27.)

17. Notwithstanding Attorney Redavid's prior contact with National Indemnity and Mr. Dunn, Attorney Redavid (who filed the complaint on behalf of Ms. Henry in the Henry Lawsuit) did not provide National Indemnity or Mr. Dunn with a courtesy copy of the complaint.

18. On or about November 22, 2017, MA Alternative was served with the complaint in the Henry Lawsuit. MA Alternative did not file or serve any paper in response to the complaint and the clerk entered a default against MA Alternative. A jury trial was held on August 23, 2018 and the jury awarded damages in the amount of $5 million in favor of Ms. Henry and against MA Alternative. The jury trial was uncontested; MA Alternative did not appear or participate in the trial. On August 29, 2018, the court entered final judgment against MA Alternative in the sum of $5 million.

19. At the time of the accident alleged in the Henry Lawsuit, Plaintiff National Indemnity insured Defendant MA Alternative under a Business Automobile policy of insurance (Policy Number 74 APS 062192) (hereinafter the "Policy"). The Policy provides bodily injury and property damage liability coverage for accidents arising out of the use of certain covered autos identified in the policy, and has a combined single policy limit of $1 million for any one accident or loss. A true and complete copy of the Policy is attached hereto as Exhibit "E."

20. The Policy requires MA Alternative to "Immediately send" National Indemnity copies of any "request, demand, order, notice, summons or legal paper received concerning the claim or 'suit.'" (Section IV.A.2.b.(2).)

21. The Policy also requires MA Alternative to cooperate with National Indemnity in the investigation or settlement of any claim or suit, as set forth in Section IV.A.2.b.(3) of the Policy.

22. Section IV.A.2.b.(2) and Section IV.A.2.b.(3) of the Policy required MA Alternative to immediately send to National Indemnity a copy of the complaint served upon MA Alternative in the Henry Lawsuit; however, MA Alternative did not comply with Section IV.A.2.b.(2) or Section IV.A.2.b.(3). MA Alternative did not notify National Indemnity of the complaint and did not send to National Indemnity a copy of the complaint until after a final judgment in the amount of $5 million was entered against MA Alternative.

23. National Indemnity did not receive notice of the Henry Lawsuit until on or about August 30, 2018, when Ms. Henry's attorney informed National Indemnity about the $5 million judgment entered against MA Alternative in the Henry Lawsuit and demanded payment of National Indemnity's $1 million policy limits. A true and accurate copy of the demand letter from Ms. Henry's attorney is attached hereto as Exhibit "F."

24. Within 10 days after National Indemnity received notice of the Henry Lawsuit, National Indemnity provided MA Alternative of written notice that National Indemnity is reserving the right to assert a coverage defense based on MA Alternative not providing National Indemnity with notice of the complaint filed in the Henry Lawsuit, in violation of MA Alternative's duties under the Policy, including its duty to immediately send to National Indemnity copies of any "summons or legal paper" received concerning any claim or suit (as

6

required by Section IV.A.2.b.(2) of the Policy) and its duty to cooperate with National Indemnity in the investigation or settlement of the defense of any suit (as required by Section IV.A.2.b.(3) of the Policy). A copy of National Indemnity's reservation of rights letter to MA Alternative is attached hereto as Exhibit "G." In addition, at that time, National Indemnity retained independent counsel agreeable to MA Alternative and National Indemnity, to represent MA Alternative in the Henry Lawsuit.

25. On September 10, 2018, counsel for MA Alternative filed *Defendant, MA Alternative Transport Services, Inc.'s Motion to Set Aside Entry of Default and Vacate Final Judgment and to Strike the Recovery Awarded to the Plaintiff.* On October 19, 2018, Ms. Henry's counsel filed an opposition to MA Alternative's motion to set aside.

26. On November 5, 2018 the court in the Henry Lawsuit entered an *"Order Denying 'Defendant, MA Alternative Transport Services, Inc.'s Motion to Set Aside Entry of Default and Vacate Final Judgment and to Strike the Recovery Awarded to the Plaintiff.'"* A true and accurate copy of the Order is attached hereto as Exhibit "H."

27. On November 6, 2018, Ms. Henry's attorney sent a letter to MA Alternative stating he is commencing efforts to collect upon the judgment. A true and accurate copy of the letter from Ms. Henry's attorney is attached hereto as Exhibit "I."

## Relief Sought

28. National Indemnity seeks a declaratory judgment as to coverage owed, if any, for the claims asserted in the Henry Lawsuit against MA Alternative. Specifically, National Indemnity seeks a declaration that National Indemnity owes no further duty to defend or indemnify MA Alternative for the claims asserted in the Henry Lawsuit because MA Alternative has breached its post-suit obligations as set forth in the Policy, and National Indemnity has been

substantially prejudiced by MA Alternative's breach of those obligations. The relevant policy provisions are as follows:

> 2. Duties In The Event Of Accident, Claim, Suit Or Loss
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:
> (1) How, when and where the "accident" or "loss" occurred;
> (2) The "insured's" name and address; and
> (3) To the extent possible, the names and addresses of any injured persons and witnesses.
>
> b. Additionally, you and any other involved "insured" must:
>
> . . . .
>
> (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".
>
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

20    The Policy expressly requires MA Alternative to "Immediately send" National Indemnity copies of any "request, demand, order, notice, summons or legal paper received concerning the claim or 'suit.'" (Section IV.A.2.b.(2).) This condition requires MA Alternative to immediately forward to National Indemnity a copy of any complaint served upon MA Alternative. The Policy also requires MA Alternative to cooperate with National Indemnity in the investigation or settlement of the claim or defense against the suit. (Section IV.A.2.b.(3).)

21.    MA Alternative did not comply with Section IV.A.2.b.(2) or Section IV.A.2.b.(3); National Indemnity did not receive notice of the Henry Lawsuit (or a copy of the complaint filed in the Henry Lawsuit) until after the final judgment was entered against MA Alternative.

8

Because National Indemnity never received notice of the Henry Lawsuit until after the final judgment was entered, National Indemnity lost the opportunity to retain counsel to defend MA Alternative and limit the extent of any judgment that may be entered against MA Alternative in the Henry Lawsuit.  As a result of this lack of notice, National Indemnity has been substantially prejudiced.

WHEREFORE, National Indemnity respectfully requests that this Honorable Court take jurisdiction over the issues raised herein and enter judgment against Defendants, declaring that the National Indemnity Policy issued to MA Alternative does not cover the bodily injury liability claims asserted by Ms. Henry against MA Alternative in the Henry Lawsuit, because MA Alternative breached its obligations owed under the Policy when it did not send National Indemnity a copy of the complaint served in the Henry Lawsuit and did not cooperate with National Indemnity in the defense of the Henry Lawsuit, which thereby caused National Indemnity to sustain substantial prejudice, and that National Indemnity therefore owes no further duty to defend or indemnify MA Alternative with respect to the Henry Lawsuit against MA Alternative.

## DEMAND FOR JURY TRIAL

Plaintiff, National Indemnity Company of the South, hereby demands a trial by jury on all issues so triable.

Dated: January 3, 2019.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Brian D. Webb
JOHN W. WEIHMULLER, ESQ.
Florida Bar No.:  0442577
jweihmuller@butler.legal

9

BRIAN D. WEBB, ESQ.
Florida Bar No.:  0073989
bwebb@butler.legal
Secondary:	garthur@butler.legal
		vturner@butler.legal
		mmcnaull@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:	(813) 281-1900
Facsimile:	(813) 281-0900
*Attorneys for Plaintiff, National Indemnity Company of the South*