# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NATIONAL INDEMNITY COMPANY
OF THE SOUTH,**

      **Plaintiff,**

**v.**                                              **Case No:   6:19-cv-13-Orl-37LRH**

**MA ALTERNATIVE TRANSPORT
SERVICES, INC., and SHERRY HENRY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

On January 8, 2019, Plaintiff National Indemnity Company of the South filed an amended complaint for declaratory relief against Defendants MA Alternative Transport Services, Inc., and Sherry Henry.  Doc. No. 9.  Plaintiff insured MA Alternative pursuant to a business automobile insurance policy.  Doc. No. 9-5.  Ms. Henry was allegedly injured in a motor vehicle accident while she was a passenger in a van owned and operated by MA Alternative.  Doc. No. 9 ¶ 9.  Ms. Henry filed a lawsuit in state court against MA Alternative, a clerk's default was entered against MA Alternative, and Ms. Henry ultimately obtained a 5-million-dollar jury verdict and final judgment.  *Id.* ¶ 18.  Plaintiff seeks a declaration that because MA Alternative failed to adhere to post-suit obligations set forth in the insurance policy, the policy does not cover Ms. Henry's bodily injury claim against MA Alternative, and Plaintiff owes no duty to defend or indemnify MA Alternative for the claims asserted in Ms. Henry's state court lawsuit.  *Id.* at 9 & ¶ 28.

On March 4, 2019, Plaintiff filed a motion for an extension of time for the parties to conduct the case management conference and to submit a case management report.  Doc. No. 17.  In the

motion, Plaintiff stated that on February 14, 2019, MA Alternative filed a voluntary petition for Chapter 11 bankruptcy.  *Id.* ¶ 4.[1]  Because of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, I directed the Clerk of Court to terminate Plaintiff's motion.  Doc. No. 18. However, it was unclear what effect the automatic stay had on Plaintiff's claim against the remaining Defendant, Ms. Henry.  *Id.* at 2.  Accordingly, I ordered Plaintiff to show cause why the proceeding should not be stayed with respect to Ms. Henry based on the stay in effect as to MA Alternative.  *Id.*  In response, Plaintiff stated that this case should be stayed with respect to all parties unless and until the Bankruptcy Court grants relief from the automatic stay.  Doc. No. 22.

In general, the automatic stay provisions of the Bankruptcy Code only apply to the debtor in bankruptcy, and its protections do not extend to other parties to the proceeding.  *See In re Colonial Bancgroup Inc. Securities Litigation*, 2:09-cv-104–MHT, 2010 WL 119290, at \*1 (M.D. Ala. Jan. 7, 2010) ("The automatic stay provisions of § 362(a) generally do not operate to stay claims against non-debtor defendants.").  "A stay against a non-bankrupt codefendant or third-party defendant requires some 'unusual circumstances,' for instance, 'when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'"  *Solow v. PPI Enterprises (U.S.) Inc.*, 150 B.R. 9, 11 (S.D.N.Y. 1992) (quoting *A.H. Robbins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

Here, Plaintiff's claims against both Defendants are inextricably interwoven because the only issues are whether the insurance policy covers Ms. Henry's bodily injury claim against MA Alternative and whether Plaintiff owes any duty to defend or indemnify MA Alternative against

---

[1] The undersigned verified that MA Alternative filed for Chapter 11 bankruptcy on February 14, 2019.  *See In re MA Alternative Transport Services, Inc.*, No. 6:19-bk-00956-CCJ, Doc. No. 1 (Bankr. M.D. Fla. Feb. 14, 2019).

such a claim, which are the only issues presented regardless of whether the case proceeds solely against Ms. Henry.  *See* Doc. No. 9.  Under these circumstances, I recommend that the Court find that the case should be stayed in its entirety unless and until the Bankruptcy Court grants Plaintiff relief from the automatic stay.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court:

(1) **STAY** this case in light of the bankruptcy of MA Alternative;

(2) **DIRECT** the Clerk of Court to **TERMINATE** any pending motions; and

(3) **DIRECT** Plaintiff to file status reports regarding MA Alternative's bankruptcy within sixty (60) days following the Court's Order on this Report and Recommendation and every sixty (60) days thereafter.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 26, 2019.

_____

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record

- 3 -

Unrepresented Party
Courtroom Deputy