# United States District Court
## Middle District Of Florida
### Orlando Division

NATIONAL INDEMNITY
COMPANY OF THE SOUTH,

           Plaintiff,

v.                                           Case No:   6:19-cv-13-RBD-LHP

MA ALTERNATIVE TRANSPORT
SERVICES, INC., and SHERRY
HENRY,

           Defendants

_____

### Report and Recommendation

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' OBJECTION TO CLERK'S ACTION ON BILL OF COSTS AND MOTION TO REVIEW PLAINTIFF'S BILL OF COSTS (Doc. No. 172)** |
| **FILED:** | **June 23, 2022** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and all objections to the Bill of Costs be **OVERRULED.**

## I.    BACKGROUND

On November 18, 2017, Sherry Henry ("Henry"), one of the two named Defendants in the present action, filed suit in state court against John Doe ("Doe"), and MA Alternative Transport Services, Inc. ("MA"), the other named Defendant in this action.   Doc. No. 1-1, at 8.   The state court action arose from an October 2016 motor vehicle accident in which Doe, an employee of MA, caused a collision with another vehicle which resulted in injuries to Henry, who was a backseat passenger in the vehicle operated by Doe.   *Id.* ¶¶ 6, 7.   Henry ultimately prevailed in the lawsuit, received a $5 million judgment against MA, and thereafter sought to collect upon the judgment.   Doc. No. 9 ¶¶ 22, 26, 27.

On January 3, 2019, Plaintiff National Indemnity Company of the South ("National Indemnity") instituted this action for declaratory judgment, naming MA and Henry as Defendants.   Doc. No. 1.   The operative pleading is the amended complaint, which National Indemnity filed on January 8, 2019.   Doc. No. 9. According to the allegations of the amended complaint, at the time of the October 2016 motor vehicle accident, National Indemnity insured MA under a business automobile policy of insurance.   *Id.* ¶ 19.   National Indemnity filed suit in this Court seeking a declaratory judgment as to what coverage it owed, if any, for the claims asserted by Henry against MA in the underlying state court action.   *Id.* ¶ 28.

Specifically, National Indemnity alleged that it owed no further duty to defend or indemnify MA in the underlying lawsuit.   *Id.*

The case ultimately went to trial before a jury.   Doc. Nos. 127, 130, 134.   On December 15, 2021, the jury returned a verdict in National Indemnity's favor.   Doc. No. 137.   Accordingly, on December 20, 2021, the Court entered a final declaratory judgment against both Defendants and in favor of National Indemnity.   Doc. No. 142.   Thereafter, on January 3, 2022, National Indemnity filed its initial proposed Bill of Costs with supporting documentation, and the Clerk of Court taxed costs against Defendants on January 18, 2022.   Doc. Nos. 144, 146.   Also on January 18, 2022, Defendants filed a motion for a new trial.   Doc. No. 151.

On April 21, 2022, the undersigned ordered both the Bill of Costs that was taxed and the proposed Bill of Costs to be stricken as premature.   Doc. No. 165. The undersigned directed National Indemnity to file a renewed proposed Bill of Costs within fourteen (14) days of the date of any Order that rendered a judgment in favor of National Indemnity final and appealable, and which in turn made National Indemnity a prevailing party.   *Id.*, at 8; *see also* Fed. R. Civ. P. 54(a), (d)(1).

On May 19, 2022, Presiding United States District Judge Roy B. Dalton denied Defendants' motion for a new trial, thereby rendering the judgment in favor of National Indemnity final and appealable.   Doc. No. 166.   Accordingly, on May 27, 2022, National Indemnity filed its renewed proposed Bill of Costs, through which it

seeks $8,330.67 in costs pursuant to 28 U.S.C. § 1920.   Doc. No. 167.   With the Bill of Costs, National Indemnity has provided invoices and other documentation in support.   *Id.*   The Clerk of Court taxed costs in the full amount of $8,330.67 against Defendants on June 16, 2022, and on June 23, 2022, Defendants timely filed the above-styled objections and motion challenging the Bill of Costs.   Doc. Nos. 171-72.   *See also* Fed. R. Civ. P. 54(d)(1).   And on July 5, 2022, National Indemnity timely filed a response to Defendants' objections and motion.   Doc. No 175; *see also* Doc. No. 174.

Defendants' objections and motion have been referred to the undersigned, and for the reasons discussed below, I will respectfully recommend that the objections be overruled in their entirety, the motion be denied, and that the Bill of Costs taxed on June 16, 2022 remain in full force and effect.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."   Fed. R. Civ. P. 54(d)(1).   "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."   *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).   "[A] district court needs a 'sound basis' to overcome the strong presumption that a

prevailing party is entitled to costs." *Id.* at 1277 (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)). Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920, which enumerates the allowable costs as:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). "When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Miles v.*

*Provident Life & Accident Ins. Co.*, No. 6:08-cv-69-Orl-18KRS, 2009 WL 10670312, at *1 (M.D. Fla. Nov. 16, 2009).

## III.   ANALYSIS

Defendants raise three objections to the Bill of Costs:   (1) that there is no lawful basis to impose costs on Henry; (2) that the Court should consider equity regarding both Defendants' inability to pay any proposed costs; and (3) that some of the requested costs are not taxable and were not reasonably necessary.   Doc. No. 172.   I address each argument in turn.

*A.     Costs against Sherry Henry*

In a two-sentence paragraph, Defendants argue that costs cannot be taxed against Henry because she was merely a third-party to the insurance contract between MA and National Indemnity, and "it would be manifestly unjust to hoist any of National Indemnity's costs in litigating its rights and obligations under an insurance contract wholly inapplicable to her."   Doc. No. 172, at 2.   Defendants provide no legal authority to support this argument.   *Id.*

Federal Rule of Civil Procedure 54(d)(1) authorizes costs to a prevailing party, unless a statute, rule, or court order provides otherwise.   Fed. R. Civ. P. 54(d)(1).   There is nothing in that rule that provides an exception where a defendant is a third-party, nor is there an exception generally for declaratory judgment actions.   *Id.*   And Defendants have not pointed to any statute, rule, or

court order that would preclude an award of costs in this case.   Given that the burden lies with the losing party – *i.e.*, Henry and MA – to support their objections to any requested costs, *see Miles*, 2009 WL 10670312, at *1, and given that Henry and MA have failed to do so in this instance, the undersigned will recommend that this objection be overruled.[1]   *Cf. Capitol Specialty Ins. Corp. v. W. View Apartments, Inc.*, No. 20-22476-CIV-COOKE/GOODMAN, 2021 WL 8972147 (S.D. Fla. Dec. 15, 2021) (insurance declaratory judgment action, taxing costs under 28 U.S.C. § 1920 against both insured and third-parties to underlying state court personal injury case).

  B. *Defendants' Inability to Pay Any Proposed Costs*

Next, Defendants argue that their financial status is such that they cannot afford to pay any taxed costs.   Doc. No. 172, at 2-3.   With respect to MA, Defendants state that the company "is in financial ruin and previously filed for protections under bankruptcy law."   *Id.*, at 3.   With respect to Henry, Defendants state that she "is unemployed and without any meaningful financial wherewithal to withstand any financial judgment."   *Id.*   Other than citation to a 2019

---

[1] The undersigned also finds Defendants' conclusory claim of "manifest injustice" unpersuasive.   Henry actively litigated this case for over two years in this Court, and if she had prevailed at trial, would have sought compensation from National Indemnity for her $5 million state court judgment.   She was not a mere passive participant in this case, and judgment was entered against her.   Doc. No. 142.   *Cf. Certain Interested Underwriters at Lloyd's London Subscribing to Certificate of Ins. No. 9214 v. Halikoytakis*, No. 8:09-cv-1081-T-17TGW, 2011 WL 5444318, at *1 (M.D. Fla. June 10, 2011), *report and recommendation adopted*, 2011 WL 5444264 (M.D. Fla. Nov. 8, 2011).   And in any event, the Bill of Costs was taxed equally against both Defendants.   Doc. No. 171.

bankruptcy action, *In re MA Alternative Transp. Srvcs., Inc.*, No. 6:19-bk-00956-CCJ (Bankr. M.D. Fla. Feb. 14, 2019), Defendants provide no evidence to support these assertions.  *Id.*[2]

A plaintiff's claim of an inability to pay does not automatically preclude her from paying costs under Fed. R. Civ. P. 54(d).  Indeed, "good faith and limited financial resources are not enough" to overcome the presumption that the prevailing party's costs should be paid by the non-prevailing party.  *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005).[3]  Rather, "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."  *Chapman*, 229 F.3d at 1039.

"A district court can only reduce a cost award based on the non-prevailing party's financial status if that party provides 'substantial documentation of a true inability to pay.'"  *Jessup v. Miami-Dade Cty.*, No. 08-21571-CIV, 2011 WL 294417, at *1 (S.D. Fla. Jan. 27, 2011) (quoting *Chapman*, 229 F.3d at 1039).  Such substantial documentation must constitute "clear proof of the non-prevailing party's dire financial circumstances."  *Chapman*, 229 F.3d at 1039; *Pronman v. Styles*, No. 12-

---

[2] Defendants state that they can provide evidence in support "should the Court wish to receive evidence at a hearing on same."  Doc. No. 172, at 3.  However, Defendants never requested a hearing, and they had ample opportunity to attach such evidence to the present motion, or to seek an extension of time to do so, which they did not.

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

80674-CIV-MARRA, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015).   Furthermore, a district court cannot "consider the relative wealth of the parties" when deciding whether to reduce a cost award or leave it as is.  *Chapman*, 229 F.3d at 1039.   And even if the district court were to consider a party's financial status, it "may not decline to award any costs at all."  *Jenner v. Bank of America Corp.*, 304 F. App'x 857, 860 (11th Cir. 2009) (citation omitted).

Here, neither Defendant has provided "substantial documentation of a true inability to pay."  *See Jessup*, 2011 WL 294417, at *1.   Rather, Defendants have provided nothing at all beyond bald conclusory statements in their motion.   Doc. No. 172, at 2-3.   Moreover, the bankruptcy case MA references – filed under Chapter 11 for reorganization – was dismissed in February 2020.   *In re MA Alternative Transport Services, Inc.*, Case No. 6:19-bk-00956-KJ, Doc. No. 94 (Bankr. M.D. Fla. Feb. 21, 2020).   Defendants' objections fall far short of establishing that costs should either be vacated or reduced based on their purported financial status. Accordingly, the undersigned will also recommend that this objection be overruled. *See, e.g.*, *Larmond v. Osceola Reg'l Hosp., Inc.*, No. 6:18-cv-1003-Orl-31GJK, 2019 WL 5399085, at *2 (M.D. Fla. Oct. 7, 2019), *report and recommendation adopted*, 2019 WL 5391299 (M.D. Fla. Oct. 22, 2019) (rejecting argument to reduce taxable costs where "Plaintiff fails to offer anything other than a statement that an award of the claimed deposition transcript costs amounts to 'approximately half of Plaintiff's gross

monthly salary of approximately $5,250.00.'   There is no discussion of her assets, other financial support, or her monthly expenses – essentially there is no discussion of her financial circumstances." (record citations omitted)); *Perez v. Cellco P'ship*, No. 8:12-cv-546-T-30TGW, 2013 WL 5673497, at *2 (M.D. Fla. Oct. 17, 2013) (declining to reduce costs on the basis of the plaintiff's financial status and noting that "although the Court is sympathetic of Plaintiff's alleged financial plight, Plaintiff does not provide any evidence, other than her self-serving affidavit, to establish her inability to pay the cost award.   The Eleventh Circuit is quite clear about the level of proof: 'substantial documentation of a true inability to pay.'" (quoting *Chapman,* 229 F.3d at 1039)); *Gonzales v. Pasco Cty. Bd. of Cty. Comm'rs*, No. 8:11-cv-1397-T-30TGW, 2013 WL 1810820, at *3-4 (M.D. Fla. Apr. 29, 2013) (declining to reduce costs where non-prevailing party submitted his tax return, his wife's W-2s, and a copy of his joint bank account statement because he did "not explain the financial statements he submitted or inform the Court whether there is any additional income or marital property to which he has access" and thus did not make a sufficient showing of indigency).[4]

---

[4] In cases where a court either denies or reduces an award of costs based on the losing party's financial status, the losing party provides detailed financial information and explanations, none of which has been provided to the Court in this case.   *See, e.g., Hall v. Merola*, No. 3:15-cv-1054-J-39PDB, 2020 WL 7047704, at *1-2 (M.D. Fla. Dec. 1, 2020) (reducing award of costs by 50% based on plaintiff's demonstration of "dire financial circumstances" where plaintiff was previously granted leave to proceed *in forma pauperis*, was released from prison in 2019, was thereafter civilly detained at the Florida Civil

C.    *The Reasonableness of the Requested Costs*

Defendants next object to the reasonableness of service and witness fees for two witnesses:   Alphonso O. Peets, Esq., and Bruce Trybus, Esq.   Doc. No. 172, at 3-4.   According to Defendants, costs should not be taxed for these witnesses as they did not testify at trial, and their testimony "was collateral and had no bearing on the issues presented."   *Id.* at 4.   It is undisputed that neither witness testified at the three-day trial.   *See* Doc. Nos. 127, 130, 134.

Fees for serving subpoenas on witnesses – including service via private process server – may be taxed as costs pursuant to 28 U.S.C. § 1920(1) and 28 U.S.C. § 1921(a)(1)(B).   *W&O, Inc.*, 213 F.3d at 624; *Kovelesky v. First Data Corp.*, No. 08-cv-62023-WJZ, 2012 WL 12949624, at *1 (S.D. Fla. May 8, 2012).   And taxation of witness fees and travel expenses (including mileage) is authorized by § 1920(3).

---

Commitment Center, had no money in his resident bank account, and did not own anything of value); *Rodriguez v. Miami-Dade Cty.*, No. 8:15-cv-1621-T-AAS, 2019 WL 1901594, at *5 (M.D. Fla. Apr. 29, 2019) (reducing by 50% an award of costs where plaintiff provided information in response to motion for costs that she lost her job, her savings, her son's college fund, incurred medical expenses, and provided a financial affidavit "detailing her monthly expenses and income"); *Marx v. Baker Cty. Med. Servs., Inc.*, No. 3:16-cv-462-J-32MCR, 2018 WL 6078342, at *3 (M.D. Fla. Nov. 21, 2018) (reducing by 50% an award of costs where plaintiff "identified significant monthly expenses, limited savings, [and] ongoing health issues" as set forth in an affidavit); *Soricelli v. GEICO Indem. Co.*, No. 8:16-cv-1535-T-30TBM, 2018 WL 11351710, at *6 (M.D. Fla. Mar. 14, 2018) (reducing award of costs by 50% where plaintiff attached an affidavit to his response in opposition to costs which detailed his inability to work and provided the precise dollar amount of monthly social security benefits); *Barrington v. Lockheed Martin Corp.*, No. 6:05-cv-1601-Orl-KRS, 2007 WL 1303032, at *6, 7 (M.D. Fla. May 3, 2007) (vacating award of costs where plaintiff had previously been granted *in forma pauperis* status and provided detailed affidavit establishing her lack of employment and indigency).

"Courts generally qualify the recovery of fees for service of subpoena to those issued to witnesses whose appearances were 'reasonably necessary to the trial' even if they did not testify at trial."   *Kovelesky*, 2012 WL 12949624, at *1 (quoting *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000)).   And "a prevailing party may recover the witness fees for nontestifying witnesses if the party can show that the witness' attendance at trial was reasonably necessary."   *Id.*, at *2.   *See also Nall v. Mal-Motels, Inc.*, No. 6:10-cv-464-Orl-28GJK, 2014 WL 12616957, at *4 ("Section 1920(3) generally permits the taxation of witness fees for potential trial witnesses.").   Thus, "in determining whether a prevailing party may recover witness fees, the relevant inquiry is not actual testimony or physical presence but the readiness to testify."   *Strong v. GEICO Gen. Ins. Co.*, No. 8:16-cv-1757-T-36AAS, 2018 WL 671342, at *1 (M.D. Fla. Jan. 10, 2018), *report and recommendation adopted*, 2018 WL 647457 (M.D. Fla. Jan. 31, 2018).

Here, National Indemnity explains that both Alphonso O. Peets and Bruce Trybus were attorneys retained by National Indemnity to represent MA in the underlying state lawsuit and were involved in that litigation, which included preparing and filing a motion to set aside and vacate a state court default.   Doc. No. 175, at 6.   National Indemnity further explains that these two witnesses were subpoenaed to attend trial to provide testimony on the key issue of "whether National Indemnity was prejudiced as a result of not having notice of the

underlying state court lawsuit filed by Ms. Henry against MA . . . and, specifically, the issue of whether National Indemnity exercised due diligence in attempting to vacate and set aside the subject $5 million default judgment entered in [the underlying case]."  *Id.*   Thus, National Indemnity argues that "based on the facts known at the time of the service of the trial subpoena for Attorney Peets and Attorney Trybus, their testimony was directly relevant to issues raised in this case." *Id.*   Moreover, a review of the docket shows that both Alphonso O. Peets and Bruce Trybus were listed on National Indemnity's witness lists for trial.   *See* Doc. Nos. 97-98.

Upon review, the undersigned finds that National Indemnity has sufficiently demonstrated that the appearances of both Alphonso O. Peets and Bruce Trybus were reasonably necessary for trial, and therefore the service and witness fees for both are properly taxable.  *See Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048, at *4, 7 (M.D. Fla. July 14, 2015) (taxing service and witness fees for witnesses who did not testify at trial where prevailing party identified each witness as someone it may or will call at trial, and each witness actually attended and was available to testify at trial).   *See also Nall*, 2014 WL 12616957, at *4 (permitting taxation of witness fees for two witnesses who never appeared for deposition or trial); *Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-cv-747-FtM-36SPC, 2011 WL 7092657, at *4 (M.D. Fla. Dec. 20, 2011) (taxing witness fees for a witness

who was subpoenaed, but never called to trial as the case resolved at summary judgment, because the defendant subpoenaed the witness "in the good faith belief that her testimony would be necessary to the disposition of the case."); *Maris Distrib. Co. v. Anheuser–Busch, Inc.*, No. 5:97–cv-15–Oc–10C, 2001 WL 862642, at *1-2 (M.D. Fla. May 4, 2001) (awarding costs for service of subpoenas on two trial witnesses who never testified).

Defendants do not otherwise challenge these costs, and a review demonstrates that the amounts requested are permissible and reasonable.  The service fees for these two witnesses – $65.00 each for Bruce Trybus and Alphonso Peets – do not exceed the statutorily authorized fee of $65.00 per hour charged by the United States Marshals Service.  *See* 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3); *Rodriguez v. Miami-Dade Cty.*, No. 8:15-cv-1621-T-AAS, 2019 WL 1901594, at *1-2 (M.D. Fla. Apr. 29, 2019).  *See also* Doc. No. 167, at 29-30.   And the witness fees sought - $281.84 each for Bruce Trybus and Alphonso Peets – also do not exceed what is statutorily authorized.   The $281.84 is comprised of a $40.00 attendance fee, $10.00 in tolls, and $231.84 in mileage (both attorneys drove from Ft. Lauderdale, Florida to Orlando, Florida).   Doc. No. 167, at 2.   A $40.00 per day witness fee plus mileage and travel expenses is permitted under 28 U.S.C. § 1821(b) and (c)(1)-(2). *See also Rodriguez*, 2019 WL 1901594, at *2.

Accordingly, I will respectfully recommend that Defendants' objections to the service and witness fees for these two witnesses be overruled.

Defendants' last objection is to a $750.00 fee for a Spanish interpreter at trial. Doc. No. 172, at 4.   Defendants contend that the interpreter was only utilized for one trial witness (Jorge Ramirez), who only testified in total for less than one hour, yet National Indemnity chose to "cause the interpreter to wait around for hours." *Id.*   The invoice attached to the Bill of Costs shows that the interpreter billed for five hours at a rate of $150.00 per hour.   Doc. No. 167, at 55.

Upon review, the undersigned is not persuaded by this objection.   First, reasonable interpreter fees are taxable under 28 U.S.C. § 1920(6).   Second, I find the fees requested to be reasonable.   This was not a lengthy trial.   *See* Doc. Nos. 127, 130, 134.   National Indemnity was prudent to ensure that its interpreter was present and at the ready, and unless National Indemnity possessed psychic abilities, it would be near impossible to pinpoint the precise time at which Mr. Ramirez would testify at trial.   Indeed, had National Indemnity not ensured that its interpreter was present when it was time to call Mr. Ramirez to the stand, it would have caused unnecessary delay and greatly inconvenienced the jury.   *See also* Doc. No. 175.

Accordingly, and in the absence of any legal authority to the contrary, the undersigned will also recommend that Defendants' final objection be overruled.

*See Gonzalez v. Geico Gen. Ins. Co.*, No. 8:15-cv-240-T-30TBM, 2017 WL 1519755, at \*5 (M.D. Fla. Apr. 27, 2017) (awarding interpreter fees under 28 U.S.C. § 1920(6) for days the interpreter attended the trial); *Palma v. Safe Hurricane Shutters, Inc.*, 895 F. Supp. 2d 1268, 1271 (S.D. Fla. 2012) (finding that interpreter costs are statutorily authorized under 28 U.S.C. § 1920).

## IV.    RECOMMENDATION

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court **OVERRULE** Defendants' Objections and **DENY** the Motion (Doc. No. 172).

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 23, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy